**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P:(410) 962-4953 — F:(410) 962-2985

April 4, 2024

LETTER MEMORANDUM OPINION AND ORDER TO ALL COUNSEL OF RECORD

RE:   *Lisa K. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 8:23-cv-02132-JMC

Dear Counsel:

Lisa K. ("Plaintiff") petitioned this Court on August 7, 2023, to review the Social Security Administration's ("SSA" or "Defendant") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI").  (ECF No. 1).  The Court has considered the record in this case as well as the parties' dispositive filings.  (ECF Nos. 8, 11, 13).  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2023).  The Court must uphold an agency decision if the decision is supported by substantial evidence and was reached through application of the proper legal standard.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will REMAND the case to the SSA for further consideration for the reasons explained below.

## I.      Procedural Background

Plaintiff filed her Title II application for DIB and Title XVI application for SSI on January 28, 2020, alleging disability as of June 1, 2012.  (Tr. 13).[2] Plaintiff's claim was denied initially on October 16, 2020, and again upon reconsideration on October 12, 2021.  *Id.*  Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ") on December 9, 2021.  *Id.*  ALJ Richard Furcolo conducted a hearing on August 2, 2022, via telephone given the COVID-19

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on August 7, 2023. (ECF No. 1).  As Martin O'Malley subsequently became the Commissioner of Social Security, he has been substituted as this case's Defendant.  *See* Fed. R. Civ. P. 25(d).

[2] When the Court cites to "Tr.," it is citing to the official transcript (ECF No. 8) filed in this case.  When citing to specific page numbers within the official transcript, the Court is referring to the page numbers provided in the lower right corner of the official transcript pages.  Further, the record indicates that Plaintiff also filed applications for DIB and SSI benefits on November 28, 2018, which were denied on July 23, 2019, and not appealed by Plaintiff.  (Tr. 4; ECF No. 11 at 1).

pandemic.  *Id.*  ALJ Furcolo subsequently determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame.  *Id.* at 13–28.  The Appeals Council granted Plaintiff's request to review the ALJ's decision and ultimately affirmed that Plaintiff was not entitled to DIB or SSI benefits on June 2, 2023.  *Id.* at 4–7.  In doing so, the Appeals Council adopted the following: (1) the ALJ's statements regarding the pertinent provisions of the Social Security Act, SSA regulations, Social Security rulings, the issues in the case, and the evidentiary facts of the case; (2) the ALJ's findings or conclusions regarding whether Plaintiff is disabled; (3) the ALJ's findings as to steps one through five of the SSA's sequential evaluation process; (4) the ALJ's "'B' criteria" findings; (5) the ALJ's determination of Plaintiff's residual functional capacity ("RFC"); and (5) the ALJ's determinations regarding the "persuasiveness identified for each opinion as specified in the hearing decision" and ultimate conclusion that Plaintiff is unable to perform any past relevant work.  *Id.* at 4–5.

## II.     The ALJ's Decision

In arriving at the decision to deny Plaintiff's claims, the ALJ (and subsequently the Appeals Council) followed the five-step sequential evaluation of disability set forth in the Secretary's regulations.  20 C.F.R. § 416.920.  "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work."  *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015).  If the first three steps do not yield a conclusive determination, the ALJ must then assess the claimant's RFC, "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work[,]" by considering all of the claimant's medically determinable impairments regardless of severity.  *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)).  The claimant bears the burden of proof through the first four steps of the sequential evaluation.  If the claimant makes the requisite showing, the burden shifts to the SSA at step five to prove "that the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's residual functional capacity, age, education, and work experience."  *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

At step one in this case, the ALJ and Appeals Council found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability June 1, 2012.  (Tr. 4, 16).  At step two, the ALJ and Appeals Council determined that Plaintiff suffered from the following severe impairments: "obesity, spine disorder, abnormal major joints, hypertension, depressive disorder, anxiety disorder, and trauma related disorder."  *Id.* at 5, 16.

At step three, the ALJ and Appeals Council determined that Plaintiff's impairments or combination of impairments do not meet or equal one of the listed impairments in the regulations.  *Id.*; 20 CFR §§ 404(p), Appendix I (20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.925, 416.926).  In assessing Plaintiff's obesity, the ALJ opined:

> The claimant has a recorded body mass index (BMI) between 59 and 62.  The claimant's weight exacerbates the severe impairments.

> Pursuant to SSR 19-2p, obesity is considered a medically determinable impairment and its effects are considered in evaluating disability. The combined effects of obesity with other impairments can be greater than each of the impairments considered separately. Accordingly, the effects of the claimant's obesity are considered in assessing this claim under the listings and other steps of the sequential evaluation process, including claimant's residual functional capacity. Therefore, the undersigned finds the effects of obesity contribute to the severity of claimant's severe impairments.

(Tr. 16).

Regarding Plaintiff's ability to concentrate, persist, or maintain pace, the ALJ also concluded that:

> [T]he claimant has moderate limitation. Claimant testified she has difficulties with concentrating. In the Function Report filed February 16, 2021, clamant reported no problem with attention. Dr. Malone in the September 2021 examination found claimant demonstrated good memory but poor concentration. In a prior psychological consultative examination, on January 15, 2016, Dr. Taller, opined the examination findings demonstrated claimant's sustained concentration was average. At this consultative examination, claimant demonstrated the ability to follow a 3-step command.

*Id.* at 17–18.

Finding that Plaintiff had not proved that one or more of the above-mentioned severe impairments met or equaled one of the listed impairments in the SSA regulations, the ALJ determined Plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: sit for six hours in an 8-hour day; stand and/or walk for two hours in an 8-hour day; frequently operate a left-hand control; frequently handle with the left upper extremity; occasionally climb stairs; should never climb ladders; occasionally balance, stoop, kneel, crouch, and crawl; should avoid concentrated exposure to vibrations; should avoid even moderate exposure to hazards; able to perform simple routine and repetitive tasks; able to interact with supervisors and co-workers on a frequent basis; able to interact with the public on an occasional basis.

*Id.* at 18. Given this RFC determination, the ALJ concluded at step four that Plaintiff is unable to perform any past relevant work. *Id.* at 26. Finally, given Plaintiff's RFC, age, education, and work experience, the ALJ determined that Plaintiff could perform the following jobs which existed in significant numbers in the national economy: addresser, clerical (D.O.T. # 209.587-010); lens inserter (D.O.T. # 713.687-026); and table worker (D.O.T. # 739.687-182). *Id.* at 27. Accordingly, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from June 1, 2012, through the date of the ALJ's decision. *Id.*

### III.   Legal Standard

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through an application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, . . . [which] consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* (other citation and internal quotations omitted). In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

### IV.   Analysis

Plaintiff argues on appeal that the ALJ's decision was not supported by substantial evidence. Specifically, Plaintiff faults the ALJ's and Appeals Council's RFC determination on several grounds: (1) that "although the [ALJ] noted that Plaintiff's weight 'exacerbates the severe impairments' at step two of the sequential evaluation process, he failed to mention the Plaintiff's obesity again at any step of the sequential evaluation process, or in assessing the Plaintiff's residual functional capacity . . . [and] failed to explain how the Plaintiff's obesity exacerbated her severe impairments, or how he reached his conclusions on whether obesity caused any limitations, as required"; (2) that neither the ALJ or Appeals Council included any specific limitation(s) on concentration, task persistence, or pace in the RFC assessment and instead limited Plaintiff to the performance of simple, routine, and repetitive tasks without adequate explanation; (3) the ALJ's RFC assessment failed to include a narrative discussion setting forth how the evidence supported each conclusion; and (4) the ALJ and Appeals Council "improperly performed a symptom-based analysis, rather than a proper function-by-function assessment." (ECF No. 11 at 9, 11–12, 15). Moreover, Plaintiff argues that the ALJ applied (and the Appeals Council adopted) the improper standard in evaluating Plaintiff's subjective complaints while failing to properly address evidence which supported Plaintiff's pain complaints. *Id.* at 17, 21. For the reasons that follow, I agree with Plaintiff that the ALJ's and Appeals Council's RFC determination is not supported by substantial evidence. As such, I will remand the case for further review consistent with this Letter Order and Opinion.

#### a.   The ALJ's and Appeals Council's RFC Determination is Not Supported by Substantial Evidence

"An RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a 'regular and continuing basis.'" *Rodney M. v. Kijakazi*, No. CV 23-0947-CDA, 2024 WL 1097192, at *3 (D. Md. Mar. 13, 2024) (quoting 20 C.F.R. § 416.945(b)–(c)). The ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work" in determining a claimant's RFC. *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "An ALJ's RFC assessment must include an evaluation of the claimant's ability to perform the physical

functions listed in 20 C.F.R. § 404.1545(b), including sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions . . . [that] may reduce [a claimant's] ability to do past work and other work." *Rodney M.*, 2024 WL 1097192, at \*3 (internal citation omitted).  As previously explained by the Fourth Circuit, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (quoting *Thomas*, 916 F.3d at 311).  Thus, "A proper RFC analysis proceeds in the following order: (1) evidence, logical explanation, and conclusion." *Id.* at 388 (cleaned up).  The Fourth Circuit has rejected "a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis," though, and has explained that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636; *see also Monroe*, 826 F.3d at 188.  A "necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling, including a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Monroe*, 826 F.3d at 189 (citing *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)); *see also Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) ("In other words, the ALJ must *both* identify evidence that supports his conclusion *and* build an accurate and logical bridge from [that] evidence to his conclusion.") (internal quotation omitted) (emphasis in original).

      i.     *The ALJ and Appeals Council Properly Considered Plaintiff's Obesity in Determining Plaintiff's RFC*

First, the ALJ's RFC determination, which the Appeals Council adopted, properly considered Plaintiff's obesity.  Plaintiff posits that the ALJ failed to mention Plaintiff's obesity beyond step two and that "There is no indication from the administrative decision that either the Appeals Council or the [ALJ] specifically considered the Plaintiff's obesity in combination with any of her other impairments in any meaningful way."  (ECF No. 11 at 10).  The Court cannot agree.  "According to SSR 02-1p, 'the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately.'" *Tucker v. Colvin*, No. CV BPG-16-1946, 2017 WL 2472528, at \*2 (D. Md. June 8, 2017) (quoting SSR 02-1p, 2002 WL 34686281, at \*1 (Sept. 12, 2002)).  "Accordingly, SSR 01-1p instructs the ALJ to consider the effects of obesity . . . when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity." *Id.*  And according to SSR 19-2p, which "provides guidance on . . . how [the SSA] evaluate[s] obesity in disability claims under Titles II and XVI of the Social Security Act," "Obesity is a complex disorder" for which the SSA "will not make general assumptions about the severity or functional effects of obesity combined with another impairment(s).  Obesity in combination with another impairment(s) may or may not increase the severity of functional limitations of the other impairment.  [The SSA] evaluate[s] each case based on the information in the case record." SSR 19-2p, 2019 WL 2374244, at \*1–2, \*4 (May 20, 2019).

This Court has previously remanded cases to the SSA where an ALJ fails to properly account for a claimant's obesity in their RFC or where an ALJ merely notes a claimant's obesity but fails to relate the effects of a claimant's obesity to their RFC.  *See, e.g.*, *Tucker*, 2017 WL

2472528, at *2.  Such is not the case here.  Here, Plaintiff faults the ALJ and Appeals Council for failing to indicate how Plaintiff's obesity impacted her other impairments or the RFC determination generally, which Plaintiff believes to be "particularly egregious" because a consultative examiner, Dr. Sison Osia, opined that Plaintiff's range of motion was limited due to her obesity.  (ECF No. 11 at 9–10).  However, the ALJ expressly found Dr. Osia's examination findings and opinions to be persuasive after thoroughly detailing those examinations and opinions. (Tr. 23–25).  And not only did the ALJ find Dr. Osia's findings and opinions to be persuasive, but the ALJ also explained how Plaintiff's impairments were exacerbated or otherwise impacted by Plaintiff's obesity.  For instance, the ALJ noted that Dr. Osia's examination yielded passive range of motion limitations "mostly due to body habitus" given Plaintiff's then-BMI of 62.6.  *Id.*  The ALJ then explained how Plaintiff's "body habitus" impacted Plaintiff's ambulation and musculoskeletal system impairments according to Dr. Osia before noting that *Dr. Osia* opined that Plaintiff "could perform work-related activities but would need some functional limitations."  *Id.*  The ALJ described Dr. Osia's "body habitus" findings and opinions in the specific context of Plaintiff's finger dexterity and ability to operate a left-hand control, Plaintiff's mobility and ability to stand/walk, and Plaintiff's ability to "perform work-related activities," all of which are accounted for in the ALJ's RFC determination as set forth above.  *Id.*  The ALJ also noted additional medical evidence indicating Plaintiff's growing inability to walk and stand for extended periods resulting from her lumbar impairments, joint pain, and "morbid obesity."  *Id.* at 22.  The ALJ's identification of Plaintiff's obesity as a severe impairment and assurance that he relied on all relevant medical opinion evidence regarding Plaintiff's obesity further suggests that the ALJ properly considered Plaintiff's obesity in determining Plaintiff's RFC.  *See Brown v. Astrue*, No. CIV. JKS-09-1792, 2011 WL 129006, at *2 (D. Md. Jan. 14, 2011) ("The ALJ was clearly aware of [plaintiff's] obesity, having identified it as a severe impairment, and specified that he had considered the obesity ruling and medical opinion evidence in his findings.").

Further, Plaintiff's argument on this issue asserts only that the ALJ and Appeals Council failed to consider Plaintiff's obesity in combination with her other impairments, not that Plaintiff's obesity caused greater limitations than the ALJ set forth in the RFC determination.  *See id.* at *2 ("Despite his claim that the ALJ failed to properly consider his obesity, [plaintiff] points to no evidence in the record which indicated that his obesity impacted his functional limitations to a greater extent than was found by the ALJ . . . Having identified no evidence to suggest that his obesity caused greater limitations than the ALJ assigned, [plaintiff] has shown no basis for remand."); *Rodney M.*, 2024 WL 1097192, at *5 (rejecting claimant's challenge to ALJ's RFC determination where "there [was] no evidence" or clear argument by the claimant "that a more robust analysis would lead to a different result").  Accordingly, the Court finds Plaintiff's first argument unpersuasive and concludes that the ALJ's decision, adopted by the Appeals Council, sufficiently considered Plaintiff's obesity in determining Plaintiff's RFC.

ii.   *The ALJ's and Appeals Council's RFC Determination Regarding Limitations on Concentration, Task Persistence, or Pace is Not Supported by Substantial Evidence*

Plaintiff next argues that her RFC determination is inadequate because it fails to include any limitation(s) upon Plaintiff's concentration, persistence, or pace, and fails to explain why such limitation(s) were not included in Plaintiff's RFC.  (ECF No. 11 at 10–11).  In doing so, Plaintiff relies on two medical opinions in the record: (1) Dr. Tina L. Malone's opinion as a consultative

examiner that Plaintiff's concentration was poor; and (2) Dr. Aroon Suansilppongse's opinion that Plaintiff's "anxiety and depressive rection as well as alleged pain would occasionally interfere with her ability for sustained concentration and persistence or for task completion." *Id.*; (Tr. 97–98). As to whether the ALJ was required to include a concentration, persistence, or pace limitation in the RFC determination, the Fourth Circuit does "not impost a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). However, "once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Jennifer Christine H. v. Comm'r, Soc. Sec. Admin.*, No. CV ADC-19-2987, 2020 WL 6363952, at *6 (D. Md. Oct. 28, 2020); *Tescha Dawn B. v. Comm'r, Soc. Sec. Admin.*, No. CV ADC-19-303, 2020 WL 417393, at *6 (D. Md. Jan. 27, 2020); *Reginald N. v. Comm'r, Soc. Sec. Admin.*, No. CV ADC-19-1039, 2020 WL 407151, at *7 (D. Md. Jan. 23, 2020). "Without providing further analysis of plaintiff's mental limitations, highlighting medical evidence refuting the severity of the limitation, or otherwise discussing why a restriction pertaining to concentration, persistence, or pace is not needed in the case, this court cannot perform an adequate review." *Henry v. Berryhill*, No. CV BPG-17-57, 2018 WL 558839, at *3 (D. Md. Jan. 25, 2018).

Here, the ALJ and Appeals Council concluded at step three that, "With regard to concentrating, persisting or maintaining pace, [Plaintiff] has moderate limitation." (Tr. 17). The ALJ does not include any limitations regarding Plaintiff's concentration, persistence, or ability to maintain pace in the RFC determination as set forth above.[3] The Court must therefore determine whether the ALJ and Appeals Council adequately discussed why a concentration, persistence, or pace limitation is not needed in Plaintiff's case. *Henry*, 2018 WL 558839, at *3.

The Court finds that they have not. The ALJ's written decision outlines a documented history of Plaintiff's increasing difficulty concentrating, persisting, and/or maintaining pace. For instance, the ALJ noted that Dr. Alla Taller opined in March 2015 and January 2016 in connection with Plaintiff's prior application for disability, *see supra* n.2, that Plaintiff's "memory and sustained concentration were average." (Tr. 20). However, Dr. Taller opined in June 2019 that, although Plaintiff's short-term memory remained average, "her sustained concentration was slightly reduced." *Id.* at 21. The ALJ also observed that Dr. Eunice Okoro concluded following a psychology appointment with Plaintiff in April 2020 that Plaintiff's "mental state included a slowing of thought and reduced mental capacity." *Id.* at 22. The ALJ then acknowledged Dr. Malone's opinion following a psychological evaluation in September 2021 that Plaintiff "demonstrated poor ability to focus her attention and concentrate," and that "Memory was good

---

[3] Although the ALJ noted that Plaintiff is "able to perform simple routine and repetitive tasks," Tr. 18, the Fourth Circuit has repeatedly recognized that "the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Mascio*, 780 F.3d at 638.

but concentration poor." *Id.* at 23.[4] Notably, the ALJ found "the psychological consultative examination findings and opinions of Dr. Malone persuasive," which the Appeals Council subsequently adopted. *Id.* at 5, 25.  Plaintiff also testified that she has difficulty focusing and concentrating. *Id.* at 17, 19.  But neither the ALJ nor the Appeals Council explained why the medical evidence of record, including the evidence that they determined to be persuasive (as well as other evidence such as Dr.Suansilppongse's opinion), provided insufficient grounds to include a corresponding limitation in the RFC determination.  Rather, the ALJ concluded summarily that "The undersigned limited the claimant to simple routine and repetitive tasks in order to accommodate her mental health impairments." *Id.* at 25.  This statement does not sufficiently discuss or explain why a restriction pertaining to concentration, persistence, or pace is not needed in Plaintiff's case particularly in light of the above record evidence, and instead appears to conflate Plaintiff's ability to perform simple tasks with her ability to stay on task.  *See Mascio*, 780 F.3d at 638; *Shinaberry*, 952 F.3d at 121; *Kevin S. v. Kijakazi*, No. CV TJS-22-2659, 2023 WL 8827209, at *2 (D. Md. Dec. 21, 2023) ("In *Mascio*, the Fourth Circuit held that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.  This is because the ability to perform simple tasks differs from the ability to stay on task.   Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not translate into [such] a limitation.") (internal quotations omitted); *Kimberli H. v. Kijakazi*, No. 1:22-CV-2850-MJM, 2023 WL 8479510, at *4 (D. Md. Dec. 7, 2023) (explaining same).[5]

Because the ALJ and Appeals Council failed to include a proper discussion as to why Plaintiff's RFC determination did not include limitations regarding concentration, persistence, or pace, the Court must remand the case to the SSA for further analysis consistent with *Mascio* and its progeny.  In light of this basis for remand, the Court need not discuss Plaintiff's additional allegations of error.  On remand, the ALJ and Appeals Council can consider those arguments and determine whether the evidence should be weighed differently when evaluating Plaintiff's claims for DIB and SSI benefits.  *See Tescha Dawn B.*, 2020 WL 417393, at *6 (remanding in light of inadequate RFC concentration, persistence, or pace assessment despite plaintiff raising additional issues); *Reginald N.*, 2020 WL 407151, at *7; *Henry*, 2018 WL 558839, at *3.

---

[4] The ALJ assigned more persuasive weight to Dr. Malone's opinion because Dr. Malone's examination was more recent while acknowledging that "The findings by Dr. Taller are notable for a historical reference." (Tr. 25).  Thus, Defendant's argument that the ALJ's reference to Dr. Taller's January 2016 findings demonstrates "adequate support for the RFC limitations and allows for proper review" is likewise unpersuasive in light of Dr. Malone's later opinion that Plaintiff had poor concentration without clearly explaining why the collective record evidence warranted no limitation regarding concentration, persistence, or pace in Plaintiff's RFC determination.  (ECF No. 13 at 16–17; Tr. 17–18).  In other words, the Court does not fault the ALJ or Appeals Council substantively for concluding that any such limitations are unnecessary in Plaintiff's RFC; rather, it faults the ALJ and Appeals Council for failing to adequately explain their decision not to include any such limitations in Plaintiff's RFC.

[5] To be clear, the Court in no way intends to re-weigh the evidence presented to the ALJ and Appeals Council regarding whether Plaintiff is, in fact, disabled under the applicable Social Security regulations.  However, the Court nevertheless concludes that, particularly in light of that competing evidence and the ALJ's/Appeals Council's decision to find the evidence persuasive, the ALJ and Appeals Council did not sufficiently discuss why they refrained from including a concentration, persistence, or pace limitation in determining Plaintiff's RFC.

**V.      Conclusion**

In sum, the Court agrees with Plaintiff that the ALJ and subsequently the Appeals Council failed to adequately explain Plaintiff's RFC determination.  In other words, the ALJ's and Appeals Council's RFC determination for Plaintiff is not supported by substantial evidence for the reasons explained above.   Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis and the decision of the SSA is REMANDED for further proceedings in accordance with this Letter Order and Opinion.  In so holding, the Court expresses no opinion as to the validity of the ALJ's and Appeals Council's ultimate disability determination. The Clerk of the Court is accordingly asked to CLOSE this case.

Despite the informal nature of this letter, it is an Order and Opinion of the Court, and the Clerk is directed to docket it as such.

Sincerely yours,

_____/s/_____

J. Mark Coulson
United States Magistrate Judge